**ORIGINAL**

COURT OF COMMON PLEAS
CIVIL DIVISION
HAMILTON COUNTY, OHIO

A2003918

| | | |
|---|---|---|
| BRITTANY L. THOMPSON<br>3536 Zinsle Avenue<br>Cincinnati, Ohio 45213 | : | CASE NO. _____<br>JUDGE _____ |
| Plaintiff, | : | |
| vs. | : | **COMPLAINT FOR DAMAGES<br>WITH JURY DEMAND** |
| WILLIAM NONA<br>2161 West Horizon Drive<br>Hebron, Kentucky 41048 | : REGULAR MAIL WAIVER | |
| and | : | |
| UBER TECHNOLOGIES, INC.<br>c/o CT Corporation Systems<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | : REGULAR MAIL WAIVER | |
| and | : | |
| OHIO DEPARTMENT OF MEDICAID<br>c/o Joseph M. McCandish, Esq.<br>150 East Gay Street, 21st Floor<br>Columbus, Ohio 43215 | : REGULAR MAIL WAIVER | |
| Defendants. | : | |

FILED 2020 NOV -6 P 3: 35 CLERK OF COURTS HAMILTON COUNTY, OH COMMON PLEAS

\* \* \* \* \* \* \*

NOW COMES Plaintiff, Brittany Thompson (hereinafter "Plaintiff"), by and through the undersigned counsel, and for her Complaint against Defendants William Nona (hereinafter "Defendant Nona") and Uber Technologies, Inc. (hereinafter "Defendant Uber"), states as follows:

### COUNT ONE

1. On or about November 9, 2018, at approximately 4:48 p.m., Plaintiff was lawfully riding as a passenger in a 2015 Hyundai Elantra not owned by her, which vehicle was lawfully traveling North on Reading Road, in the City of Cincinnati, Hamilton County, Ohio.

2. At this same date, time and place, Defendant William Nona (Kentucky Driver's License No. NO4164442), whose residence is believed to be located at 2161 West Horizon Drive, Hebron, Kentucky 41048, was operating a 2016 Toyota Camry (Kentucky License Plate No. 997VDF), traveling south on Reading Road, and made a left turn onto Eden Park Drive while not in the left turn lane, striking Plaintiff's vehicle on the front driver's side, and causing Plaintiff's vehicle to strike a third vehicle in the adjacent lane.

3. At this same date, time and place, and/or at such other date, time and place as r be proven at Trial, Defendant Nona, while operating said Toyota Camry, did negligentl

EXHIBIT 1


VERIFY RECORD

and carelessly operate his vehicle, and, as a direct and proximate result of said wrongful act, the motor vehicle operated by Defendant Nona crashed into the vehicle in which Plaintiff was a passenger. Said negligence and carelessness included, but was not limited to, the following acts: Defendant Nona failed to stop before turning to allow Plaintiff's vehicle to clear the intersection; Defendant Nona failed to yield the right of way to vehicles lawfully entering the intersection and traveling North on Reading Road, including the vehicle in which Plaintiff was riding; Defendant Nona failed to use the correct lane to turn left and was cited by the responding officer for Improper Signal or Turn, a violation of Cincinnati Code Section 506-80; Defendant Nona failed to keep a proper lookout for Plaintiff and other persons similarly situated on the roadway; and Defendant Nona failed to maintain control of his vehicle so as to operate his vehicle with due care for the safety of Plaintiff and others upon the roadway.

4. Defendant Nona otherwise committed acts, which acts were negligent and in breach of a duty or duties owed to Plaintiff, and violated Ohio statutes, along with City of Cincinnati ordinances, violation of which requires assignment of negligence and liability and responsibility to Defendant Nona as a matter of law, any or all of which proximately caused the collision and injuries as set forth herein, and as a result of which Defendant Nona is liable for the damages and injuries suffered by Plaintiff as set out below.

5. As a direct and proximate result of the aforesaid wrongful conduct of Defendant, and the collision caused thereby, Plaintiff sustained bodily injuries, including, but not limited to, severe trauma to her left arm including a left humerus fracture, and right ankle swelling and pain, which injuries produced pain, suffering, and disability, and required Plaintiff to take time away from her employment, as well as to seek medical diagnosis and treatment, including, but not limited to, being transported by ambulance to University of Cincinnati Medical Center, were she was examined, admitted, and treated for her injuries, and for which she incurred medical expenses in excess of twenty-nine thousand dollars ($29,000.00); and due to the permanent and progressive nature of said injuries, Plaintiff has and will in the future be required to seek additional medical diagnosis and treatment, and has had and will experience pain, suffering, loss of income, and disability, and has had and will in the future incur medical expenses, including additional surgery and physical therapy, all to the substantial damage of Plaintiff in an amount as will be proven at Trial.

6. As a direct and proximate result of the aforesaid wrongful conduct of Defendant, and the collision caused thereby, Plaintiff has experienced pain and suffering, and has been unable, and will in the future be unable, to enjoy her usual and customary activities, all to her loss in an amount to be proven at Trial.

## COUNT TWO

7. Plaintiff reasserts and realleges paragraphs 1 through 6 above, as if fully rewritten herein.

8. At said time and place of the collision set forth above, Defendant Nona was in the employ of Defendant Uber Technologies, Inc. ("Defendant Uber"), or one of its subsidiaries, or a parent corporation and its subsidiaries, as an employee, independent contractor, agent, owner-operator, servant, and/or otherwise in a representative capacity, making Defendant Uber responsible for the injuries and damages caused to Plaintiff as a result of of Defendant Nona's negligent and careless acts as aforesaid, under the legal theory of *respondeat superior* or otherwise.

9. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff was injured as set out in Count One above, for which injury, loss and damage Defendants Nona and Uber are both jointly and severally liable.

## COUNT THREE

10. Plaintiff reasserts and realleges paragraphs 1 through 9 above, as if fully rewritten herein.

11. At the same time and place of the above collision as aforesaid, Plaintiff was covered for her medical expenses under a policy of insurance issued to her by the Ohio Department of Medicaid/Caresource (hereinafter "Defendant Medicaid"), which did write a certain policy of group health insurance for the United States Secretary of Health and Human Services, under which policy of health insurance Plaintiff was insured for medical expenses which were incurred as a result of the above injuries (said policy of health insurance is in the possession of and under the control of Defendant Medicaid and, therefore, a copy is not available to Plaintiff for attachment hereto).

12. Defendant Medicaid has paid medical expenses incurred by Plaintiff and resulting from her injuries as aforesaid in an unknown amount as may be proven at Court and, therefore, has an interest relating to the subject matter of this action as a subrogee in said amount, and pursuant to the above contract of insurance.

WHEREFORE, Plaintiff Brittany L. Thompson prays for judgment against Defendants William Nona and Uber Technologies, Inc., both jointly and severally, in the amount in excess of twenty-five thousand dollars ($25,000.00), representing fair and just compensation for her personal injury; compensatory and consequential damages; losses; pain and suffering; disability; out of pocket expenses; loss of time and income from employment; interest; and her costs herein, together with any and all other relief to which Plaintiff may be entitled, at law or in equity.

FURTHER, Plaintiff requests that the Court determine the rights and interests of Defendant Medicaid as arising out of the injuries herein, should the said Defendant assert claims based upon its rights of subrogation.

Respectfully submitted,

_____
CHARLES H. BARTLETT, JR. (0017609)
*Attorney for Plaintiff Brittany L. Thompson*
917 Main Street, Suite 300
Cincinnati, Ohio 45202
(513) 977-4212   (513) 977-4218 Fax
lawyerchb@gmail.com

## PRAECIPE

TO THE CLERK:   Please serve the above Complaint upon Defendants by certified mail return receipt, first class waiver requested.

## JURY DEMAND

Plaintiff demands a Trial by Jury of all issues.



# COMMON PLEAS COURT
# HAMILTON COUNTY, OHIO

**Brittany Thompson**

CASE NO. **A2003918**

VS

**William Nona, et al.**

DOCUMENT TO BE SERVED & ITS FILED DATE

**Complaint**

PLAINTIFF/DEFENDANT REQUESTS:

- [✓] CERTIFIED MAIL SERVICE
- [ ] PERSONAL SERVICE
- [ ] PROCESS SERVICE
- [ ] REGISTERED INTERNATIONAL

- [ ] EXPRESS MAIL SERVICE
- [ ] REGULAR MAIL SERVICE
- [ ] RESIDENCE SERVICE
- [ ] FOREIGN SHERIFF

FILED 2020 NOV -6 P 3:35 CLERK OF COURTS HAMILTON COUNTY, OH COMMON PLEAS

ON:

1) William Nona
2161 W. Horizon Drive
Hebon, Kentucky 41048

2) Uber Technologies, INc.
c/o CT Corporation Systems
4400 Easton Commons Way, suite 125
Columbus, Ohio 43219

3) Ohio Dept. of Medicaid
c/o Joseph McCandish, Esq.
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

4) _____

**Charles H. Bartlett, Jr.**
ATTORNEY
917 Main, ste 300, 45202
ADDRESS

**513-977-4212**
PHONE NUMBER
**0017609**
ATTORNEY NUMBER

Revised 9-18-18

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

REQUEST AND INSTRUCTIONS FOR ORDINARY MAIL SERVICE

Brittany Thompson
Plaintiff

-vs-

William Nona, et al.
Defendant

INSTRUCTIONS TO THE CLERK

**A 2 0 0 3 9 1 8**

CASE NUMBER: _____

IF SERVICE OF PROCESS BY CERTIFIED MAIL IS RETURNED BY THE POSTAL AUTHORITIES WITH AN ENDORSEMENT OF "REFUSED" OR "UNCLAIMED" AND IF THE CERTIFICATE OF MAILING CAN BE DEEMED COMPLETE NOT LESS THAN FIVE (5) DAYS BEFORE ANY SCHEDULED HEARING, THE UNDERSIGNED WAIVES NOTICE OF THE FAILURE OF SERVICE BY THE CLERK AND REQUESTS ORDINARY MAIL SERVICE IN ACCORDANCE WITH CIVIL RULE 4.6 (C) OR (D) AND CIVIL RULE 4.6 (E).

Charles H. Bartlett, Jr.
ATTORNEY OF RECORD          (TYPE OR PRINT)

11/06/2020
DATE

ATTORNEY'S SIGNATURE

FILED 2020 NOV -6 P 3: 35
CLERK OF COURTS
HAMILTON COUNTY, OH
COMMON PLEAS